**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **COMMUNICATION INTERFACE TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SPROUTS FARMERS MARKET, INC.,**<br><br>Defendant. | **Case No. 4:24-CV-00426-SDJ**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Sprouts Farmers Market, Inc. ("Defendant" or "Sprouts") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Communication Interface Technologies, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint"). Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code, but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

[1] To avoid doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3. Defendant admits it is a corporation organized and existing under the laws of the state of Delaware, that it has its principal place of business at 5455 E. High Street, Suite 111, Phoenix, Arizona 85054, and that it can be served with process through Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code, but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff purports to allege infringement of a patent, but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

7. Defendant does not contest that venue may be proper in this District in this case but denies that venue is convenient in this case. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else. Defendant denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

8. Defendant does not contest whether this District has personal jurisdiction over it in this case. Defendant does not contest that venue may be proper in this District in this case but denies that venue is convenient in this case. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else. Defendant denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

## BACKGROUND OF THE PATENTS IN SUIT

**The [Alleged] Invention**

9. Defendant admits that a purported copy of U.S. Patent Nos. 6,574,239; 8,266,296; and 8,291,010 are attached to the Complaint as Exhibits 1, 2, and 3, respectively. Defendant admits that Eric Morgan Dowling and Mark Nicholas Anastasi appear as inventors on the faces of the aforementioned patents. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies that the Asserted Patents were the result of "pioneering efforts." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Defendant denies that the Asserted Patents were the result of "pioneering efforts." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Defendant denies that the Asserted Patents disclose an "invention." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Defendant denies that the Asserted Patents disclose any "inventions." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Defendant denies that the Asserted Patents disclose an "invention." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. Defendant denies that the Asserted Patents disclose any invention, and accordingly, that the "inventors developed methods for controlling virtual sessions between a server-side program and a client-side application program." To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

**[Alleged] Advantage Over the Prior Art**

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that it offers products and services through the Sprouts App. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

**Pending Litigation**

24. To the extent Paragraph 24 of the Complaint comprises any allegations requiring a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, on that basis, denies all such allegations.

**Prior Litigation**

25. To the extent Paragraph 25 of the Complaint comprises any allegations requiring a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. To the extent Paragraph 26 of the Complaint comprises any allegations requiring a response, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,574,239**

27. Defendant incorporates the foregoing paragraphs 1–26 as if fully set forth herein.

28. Defendant admits that the face of the ’239 Patent indicates that it is entitled “Virtual Connection of a Remote Unit to a Server” and issued on June 3, 2003. Defendant denies any remaining allegations in Paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and, on that basis, denies all such allegations.

36. Defendant admits it offers products or services through the Sprouts App. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, at least insofar as Plaintiff uses the phrase “operated materially in the same manner,” and on that basis, denies all such allegations.

38. Defendant denies that the Sprouts App was available before 2012. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant admits that a claim chart is attached to the Complaint as Exhibit 4. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

**COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,266,296**

45. Defendant incorporates the foregoing paragraphs 1–44 as if fully set forth herein.

46. Defendant admits that the face of the ’296 Patent indicates that it is entitled “Application-Layer Evaluation of Communications Received By a Mobile Device” and issued on September 11, 2012. Defendant denies any remaining allegations in Paragraph 46 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, on that basis, denies all such allegations.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and, on that basis, denies all such allegations.

54. Defendant admits it offers products or services through the Sprouts App. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 54 of the Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, at least insofar as plaintiff use of the phrase "operated materially in the same manner," and, on that basis, denies all such allegations.

56. Defendant admits that the Sprouts App was available before 2012. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. Defendant admits that a claim chart is attached to the Complaint as Exhibit 5. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

**COUNT III – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,291,010**

63. Defendant incorporates the foregoing paragraphs 1–62 as if fully set forth herein.

64. Defendant admits that the face of the '010 Patent indicates that it is entitled "Virtual Connection of a Remote Unit to a Server" and issued on October 16, 2012. Defendant denies any remaining allegations in Paragraph 64 of the Complaint.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and, on that basis, denies all such allegations.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint and, on that basis, denies all such allegations.

72. Defendant admits it offers products or services through the Sprouts App. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 72 of the Complaint.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint, at least insofar as plaintiff use of the phrase "operated materially in the same manner," and, on that basis, denies all such allegations.

74. Defendant admits that the Sprouts App was available before 2012. Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

75. Defendant admits that a claim chart is attached to the Complaint as Exhibit 6. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 75 of the Complaint.

76. Defendant admits that a claim chart is attached to the Complaint as Exhibit 7. Defendant denies that it has committed or is committing acts of infringement in this District or anywhere else and denies any remaining allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint does not contain any new allegations and therefore does not require a response. To the extent a response is required, Defendant denies any allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any judgment against Defendant and/or an order granting relief in any of the forms requested in parts A–D.

## [PLAINTIFF'S] DEMAND FOR TRIAL BY JURY

Defendant is not required to provide a response to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 6,574,239; 8,266,296; or 8,291,010 (the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Asserted Patents, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against Defendant is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Defendant infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patents.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or induced infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would cause indirect infringement.

**NINTH AFFIRMATIVE DEFENSE**

Should Defendant be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## DEFENDANT'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Communication Interface Technologies, LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Sprouts Famers Market, Inc. ("Counterclaim Plaintiff" or "Sprouts") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff is a Delaware corporation, that is has its principal place of business at 5455 E. High Street, Suite 111, Phoenix, Arizona 85054.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a limited liability company organized under the laws of the State of Delaware with a place of business at 3107 Boardwalk, Atlantic City, New Jersey 08401.

## JURISDICTION

3. Sprouts incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. Sprouts incorporates by reference Paragraphs 1–6 above.

8. Based on Counterclaim Defendant's filing of this action and at least Sprouts's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Sprouts infringes U.S. Patent Nos. 6,574,239; 8,266,296; or 8,291,010 (the "Asserted Patents").

9. Sprouts does not infringe at least Claim 7 of the '239 Patent because, *inter alia*, the

accused products do not perform the method steps: "establishing a virtual session with a remote unit, the virtual session being instantiated to support at least one application layer program;" "placing the virtual session in an inactive state;" "sending a signal indicative of an incoming communication request and an application-program identifying packet to said remote unit, said application-program identifying packet identifying an application program that needs to resume a virtual session and communicate with said remote unit;" or "placing the virtual session back into the active state and transferring data between the application and the remote unit via the virtual session in response to said step of sending."

10. Sprouts does not infringe at least Claim 1 of the '296 Patent because, *inter alia*, the accused products do not perform the method steps: "receiving, at a control program executing on a mobile handset, a first communication initiated by a remote entity, wherein the first communication includes a set of information identifying an application layer program that is installed on the mobile handset, and wherein initiation of the first communication by the remote entity was not in response to a request sent by the mobile handset;" "the control program causing the mobile handset to evaluate the set of information included in the first communication;" or "in response to determining, based on the evaluating, that the set of information identifies the application layer program, the control program causing the mobile handset to: launch the application layer program; and reactivate, from an inactive state, a communication session between the mobile handset and the remote entity."

11. Sprouts does not infringe at least Claim 5 of the '296 Patent because, *inter alia*, the accused products do not perform the method steps: "[t]he method of claim 1;" "wherein the first communication was initiated by the remote entity in response to information received by the remote entity from a server coupled to the remote entity via the Internet."

12. Sprouts does not infringe at least Claim 1 of the '010 Patent because, *inter alia*, the accused products do not perform the method steps: "establishing, at a computing device, a communication session supporting communication between a first program executing at an application layer of the computing device and a remote server;" "subsequent to deactivation of the established communication session, the computing device receiving an incoming communication

from the remote server, wherein the incoming communication is not in response to a request sent by the computing device;" "at the application layer, the computing device reading a set of information included in the incoming communication;" or "in response to determining that the set of information read at the application layer includes information identifying the first program executing at the computing device, the computing device reactivating the communication session between the first program and the remote server."

13. Sprouts does not infringe at least Claim 17 of the '010 Patent because, *inter alia*, the accused products do not perform the method steps: "during a communication session that has previously been established with a remote entity and that is currently inactive, receiving a first communication initiated by the remote entity, wherein the first communication has not been initiated by the remote entity in response to a previous communication from the computing device;" or "in response to determining that the received first communication includes information identifying an application at the computing device, reactivating the communication session with the remote entity."

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Sprouts requests a declaration by the Court that Sprouts has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the Asserted Patents.

**COUNT II: DECLARATION REGARDING INVALIDITY**

15. Sprouts incorporates by reference Paragraphs 1–14 above.

16. Based on the filing of this action and at least Sprouts's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

17. The claims of the Asserted Patents are anticipated and/or rendered obvious by, for example, *inter alia*, U.S. Patent No. 5,625,775 to Davis et al. ("Davis").

18. Davis issued on April 29, 1997.

19. The earliest application to which the Asserted Patents claim priority was filed on October 7, 1998.

20. Davis is prior art to the Asserted Patents.

21. Claim 7 of the '239 Patent begins with the preamble "For use in controlling a virtual session on a server, a method comprising:"

22. Davis at 6:26–30 states "In accordance with a preferred embodiment of the present invention, the sessions established by the interfaces are not terminated if the physical communications provided by a communications line is lost or disconnected."

23. Claim 7 of the '239 Patent requires, among other things, "establishing a virtual session with a remote unit, the virtual session being instantiated to support at least one application layer program;"

24. Davis at Claim 1 states in part "establishing a session between the calling application and each application within the plurality of applications, wherein multiple sessions are concurrently established;

25. Claim 7 of the '239 Patent requires, among other things, "placing the virtual session in an inactive state;"

26. Davis at Claim 1 states in part "terminating said connection between said first and said second data processing systems;"

27. Claim 7 of the '239 Patent requires, among other things, "sending a signal indicative of an incoming communication request and an application-program identifying packet to said remote unit, said application-program identifying packet identifying an application program that needs to resume a virtual session and communicate with said remote unit;"

28. Davis at 6:30–37 states "For example, if one data processing system hangs up the communications line, the session between the applications in the data processing systems are not terminated. Instead, when an application desires to send data to another application in the session, the present invention provides for the connection or link across the communications line to be reestablished, and then sends the data to the other application."

29. Claim 7 of the '239 Patent requires, among other things, "placing the virtual session back into the active state and transferring data between the application and the remote unit via the virtual session in response to said step of sending."

30. Davis at Claim 6 states "The method of claim 5 further comprising reestablishing the connection in response to the calling application attempting to send data to one of the plurality of applications on the second data processing system."

31. For similar reasons as those provided with respect to Claim 7 of the '269 Patent, the remaining claims of the Asserted Patents are also anticipated and/or rendered obvious in view of Davis.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Sprouts requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Sprouts asks this Court to enter judgment in Sprouts's favor and against Counterclaim Defendant by granting the following relief:

a) a declaration that Sprouts does not infringe any valid claim of the Asserted Patents that may be enforceable;

b) a declaration that the Asserted Patents are invalid;

c) a declaration that Counterclaim Defendant take nothing by its Complaint;

d) judgment against Counterclaim Defendant and in favor of Sprouts;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Sprouts of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

**JURY DEMAND**

Sprouts hereby demands trial by jury on all issues.

Dated: July 22, 2024

**FISH & RICHARDSON P.C.**

*/s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
Noel F. Chakkalakal
Texas Bar No. 24053676
Michael A. Vincent
Texas Bar No. 24105738
Alexander H. Martin
Texas Bar No. 24091828
Philip G. Brown
Texas Bar No. 24132695

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
rbonilla@fr.com
chakkalakal@fr.com
vincent@fr.com
martin@fr.com
pgbrown@fr.com

**COUNSEL FOR DEFENDANT SPROUTS FARMERS MARKET, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 22, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay